IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RITA NINA FLOYD,

    Petitioner,

v.    No. CV 10-0955 BB/WDS

ARLENE HICKSON,

    Respondent.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter is before the Court, *sua sponte* under rules 1(b), 4 of the Rules Governing Section 2254 Cases, for further consideration of Petitioner's Petition For Writ Of Habeas Corpus. Petitioner is currently incarcerated in California. On the day before she was extradited to California after serving a New Mexico sentence, Petitioner filed the instant petition. She does not attack a New Mexico conviction or sentence, but rather challenges now-completed extradition proceedings and seeks release from confinement in another district. The Court therefore construes the petition as filed under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Childers v. Champion*, No. 00-5056, 2000 WL 1472426, at *1 (10th Cir. Oct. 4, 2000). The Court has jurisdiction of the petition because Petitioner was confined in New Mexico when she filed the petition. "A petition under 28 U.S.C. § 2241 must be filed in the district where the prisoner is confined." *United States v. Lee*, No. 00-6302, 2001 WL 127766, at **1 (10th Cir. Feb. 15, 2001) (citation omitted); *and see Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

    Because Petitioner submitted her petition on a New Mexico statutory form, the court entered an order (Doc. 5) directing her to clarify whether she intended to file her petition in this Court or in a New Mexico state court. Nearly two months later Petitioner filed her Memorandum To The Court

(Doc. 6). The memorandum names this Court in the caption, mentions a letter that Petitioner wrote to a judge of this Court, and asks this Court to set aside her extradition to California and order her release. It thus appears that, although the memorandum does not expressly comply with the order to clarify, Petitioner intended to file her petition in this Court.

The effect of Petitioner's transfer to California was to render her claims in this proceeding moot. Her habeas corpus petition essentially sought injunctive relief against her extradition from New Mexico, and "this court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (alteration in *Cox* opinion). Because Petitioner has completed her New Mexico term of imprisonment and has been extradited to California, the Court will dismiss her petition against New Mexico authorities as moot.

Furthermore, *sua sponte* under rule 11 of the Rules Governing Section 2254 Cases, the Court determines that Petitioner has failed to make a substantial showing that she has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Petitioner's Petition For Writ Of Habeas Corpus is DISMISSED with prejudice as moot, a certificate of appealability is DENIED, and judgment will be entered.

                                                          */s/ Bruce D. Black*
                                                UNITED STATES DISTRICT JUDGE